IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 3, 2008 Session

## DIANE DOWNS EX REL. RYAN CODY DOWNS v. MARK BUSH ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Davidson County**
**No. 04C470      Barbara N. Haynes, Judge**

---

**No. M2005-01498-SC-R11-CV - Filed September 10, 2008**

---

JANICE M. HOLDER, J., concurring and dissenting.

I concur in the majority's determination that the case should be remanded to the trial court for further proceedings. Unlike the majority, however, I would conclude that the defendants owed a duty of care to the decedent. I would therefore remand with instructions for the jury to decide questions of fact relevant only to determinations of whether the defendants breached that duty and caused the decedent's death. Satterfield v. Breeding Insulation Co., ___ S.W.3d ___, ___ (Holder, J., dissenting).

"As we have stated on numerous occasions, the existence or nonexistence of a duty owed to the plaintiff by the defendant is entirely a question of law for the court." Carson v. Headrick, 900 S.W.2d 685, 690 (Tenn. 1995); see also Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993); McClenehan v. Cooley, 806 S.W.2d 767, 774 (Tenn. 1991). The majority nonetheless remands the issue of duty to the jury thereby transforming this question of law into a question of fact. The majority's result arises from the incorporation of foreseeability into an analysis of duty and demonstrates why that approach is inherently flawed.

In my view, a duty of reasonable care arises whenever a defendant's conduct poses a risk of harm to persons or property. Satterfield, ___ S.W.3d at ___ (Holder, J., dissenting). The existence of a duty is generally presumed as long as the plaintiff alleges that he or she was harmed by the defendant's conduct. Id. The existence of a duty is akin to a policy determination that a relationship exists sufficient to impose a duty to use reasonable care. See W. Jonathan Cardi, Purging Foreseeability: The New Vision of Duty and Judicial Power in the Proposed Restatement (Third) of Torts, 58 Vand. L. Rev. 739 (2005) ("At its core, duty–the imposition upon a class of actors of an obligation of certain conduct–inescapably involves matters of policy.")

The majority correctly notes that "[g]enerally, drivers of a vehicle owe their passengers a duty to exercise reasonable care under the circumstances while driving" but nonetheless declines to assert that a duty exists. In this case, the defendants engaged in risky behavior by drinking in excess and

driving on the interstate with an unrestrained, intoxicated passenger in the bed of the truck. Their conduct created a risk of harm. Thus, the defendants had a duty to exercise reasonable care. Whether the defendants placed the decedent in the back of the truck or the decedent climbed in the back of the truck voluntarily is relevant only to a determination of whether the defendants breached their duty of reasonable care and caused the decedent's death.

For the foregoing reasons, I would reverse the trial court's grant of summary judgment with instructions that the existence of a duty has been established and remand for further proceedings consistent with this holding.


_____

JANICE M. HOLDER, JUSTICE